**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-1390      Caption [use short title]

**Motion for:** Dismissal of Appeal or Dismissal and Summary Affirmance    U.S.V LAHEEM JONES

Set forth below precise, complete statement of relief sought:

**MOVING PARTY:** United States of America     **OPPOSING PARTY:** LAHEEM JONES

☐ Plaintiff     ☐ Defendant
☐ Appellant/Petitioner     ☑ Appellee/Respondent

**MOVING ATTORNEY:** AUSA JOCELYN KAOUTZANIS     **OPPOSING ATTORNEY:** James M. Branden, Esq.

[name of attorney, with firm, address, phone number and e-mail]

157 CHURCH ST, 25TH FL      80 Bay Street Landing, Suite 7j

NEW HAVEN, CT 06510      Staten Island, NY 10301

203-821-3700, jocelyn.kaoutzanis@usdoj.gov    212-286-0173, jamesmbranden@gmail.com

Court-Judge/Agency appealed from: Judge Janet Bond Arterton

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**
**Date:** 7/17/2023     Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES OF AMERICA,     No. 22-1390, 22-0521(L)
                    Appellee,


                    -v-

        LAHEEM JONES, a.k.a. "Heemie"
                    Defendant-Appellant.


## GOVERNMENT'S MOTION FOR DISMISSAL OF APPEAL, OR ALTERNATIVELY, FOR DISMISSAL AND SUMMARY AFFIRMANCE

Pursuant to Local Rule 27.1, the appellee United States of America submits this memorandum in support of its cross-motion for dismissal, and alternatively for dismissal and summary affirmance of this appeal. The Court should dismiss the appeal because it is untimely.

Alternatively, the defendant validly waived his appellate rights in his plea agreement, defense counsel has filed a brief indicating that the appeal waiver was knowing and voluntary, and there are no unwaivable claims remaining for the defendant to pursue on appeal. Moreover, the defendant had adequate notice of the proposed supervised release conditions and there are no nonfrivolous challenges to those conditions. Accordingly, the appeal should be dismissed, or alternatively dismissed

with respect to most parts of the sentence and summarily affirmed as to the conditions of supervised release.

## Background

On August 5, 2020, a federal grand jury returned an indictment charging the defendant Laheem Jones, a.k.a. "Heemie," with VCAR (Violent Crime in Aid of Racketeering) Assault with a Dangerous Weapon and VCAR Attempted Murder, as well as aiding and abetting both crimes; and VCAR Conspiracy to Commit Murder and Conspiracy to Commit VCAR Assault with a Dangerous Weapon all for his role in a shooting on the steps of the state courthouse in Bridgeport, Connecticut on January 27, 2020. *See* Appellant Appendix ("AA__") at 4 (Dkt. No. 1).

On February 16, 2021, the defendant was charged by superseding indictment with the same two counts as well as an additional count of racketeering conspiracy involving predicate acts of attempted murder and drug trafficking. AA7 (Dkt. No. 92), AA25–AA36.

On November 19, 2021, the defendant entered a plea of guilty to Counts One and Two of the Superseding Indictment (racketeering conspiracy and VCAR attempted murder and aiding and abetting attempted

murder). AA18 (Dkt. No. 370), AA53–AA65. The written plea agreement

included the following waiver provisions:

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 360 months of imprisonment, a 3-year term of supervised release, restitution, [and] a $200 special assessment, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed

3

> on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

*See* AA59. During the plea colloquy, the district court reviewed the appeal waiver provisions with the defendant, who confirmed his understanding of those provisions. AA98–AA100, AA107–AA108.

On April 7, 2022, the district court sentenced the defendant to a term of 100 months on Count One and 90 months on Count Two to be served consecutively for a total term of 190 months. The court also ordered the defendant to serve three years of supervised release after his prison term and to pay a $200 special assessment. AA22, AA515–AA518.

Judgment entered on May 4, 2022. AA22 (Dkt. No. 530), AA523–AA528.

On June 27, 2022, the defendant's *pro se* notice of appeal was filed. AA23 (Dkt. No. 570). The appeal is postmarked June 24, 2022 and was received by the Clerk's Office in New Haven on June 27, 2022. AA529–AA530.

On June 29, 2023, the defendant's counsel on appeal moved to withdraw from representation of the defendant in this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Laheem Jones*, Nos. 22-521(L), 22-1390, Dkt. No. 271.

## Discussion

### I.     The appeal should be dismissed because the notice of appeal was untimely.

Rule 4(b) of the Federal Rules of Appellate Procedure requires that any notice of appeal in a criminal case be filed within fourteen days of the entry of judgment. As counsel for appellant recognizes, since the judgment in this case was entered on May 4, 2022, and the notice of appeal was not filed—even applying the prison mailbox rule of Rule 4(c)—until June 24, 2022,[1] the appeal was untimely. Fed. R. App. P. 26(a); *see also* Appellant Brief at 1. Laheem Jones failed to file his notice within the fourteen-day period, and he neglected to move for more time in which to file a notice of appeal. Even if he had moved for a 30-day extension and established excusable neglect or good cause, *see* Rule 4(b)(4), his notice of appeal would still have been untimely.

---

[1] Jones did not meet the requirements of that rule by filing a declaration as required by Rule 4(c)(1).

The time limits imposed by Fed. R. App. P. 4(b) are not jurisdictional and, therefore, do not require the Court to dismiss *sua sponte* an untimely appeal. *See United States v. Frias*, 521 F.3d 229, 231–34 (2d Cir. 2008). However, where, as here, "the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible." *Id.* at 234 (citing *Eberhart v. United States*, 546 U.S. 12, 17–18 (2005) (per curiam)). Accordingly, the Government respectfully submits that the Court should dismiss the defendant's appeal.

## II. The defendant knowingly and voluntarily waived his appellate rights.

In accordance with the Supreme Court's decision in *Anders v. California*, court-appointed appellate counsel may move to be relieved from his or her duties if "counsel is convinced, after conscientious investigation, that the appeal is frivolous." 386 U.S. at 741. "In support of the motion, defense counsel must supply a brief identifying by record references any issues that have at least arguable merit supported by legal authority, and explain why they are frivolous." *United States v. Arrous*, 320 F.3d 355, 358 (2d Cir. 2003). "This Court will not grant a so-called *Anders* motion unless it is satisfied that (1) 'counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal,'

6

and (2) 'defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct.'" *Id.* (quoting *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993)).

Defense counsel also is obligated to serve the *Anders* motion on the defendant and to inform the client of the right to file a *pro se* brief. *Arrous*, 320 F.3d at 358. Where counsel is aware that the defendant does not speak English, counsel must make reasonable efforts either (a) to provide a written translation of the *Anders* brief in the defendant's native language, or (b) to contact the defendant in person or by telephone, with the aid of an interpreter if necessary. *United States v. Leyba*, 379 F.3d 53, 55-56 (2d Cir. 2004). Similarly, if counsel is aware that the defendant is illiterate, then counsel should "make some reasonable effort to contact the defendant in person to explain the contents of the *Anders* notice documents or arrange to have someone read them to him." *United States v. Santiago*, 495 F.3d 27, 30 (2d Cir. 2007). "Where the defendant is in custody at a distant facility, counsel should make a reasonable effort to assure that someone is available, including perhaps an employee of the correctional facility, to read aloud the *Anders* notice documents to the defendant in a language he understands." *Id.*

7

In *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000), this Court outlined the procedure for appellate counsel to follow where a defendant waives his appellate rights in a plea agreement, yet nevertheless files a notice of appeal. As the Court explained, the Government may file a motion to dismiss the appeal based on the waiver, in an effort to "reap its bargained-for benefit." *Id.* at 318. Appellate counsel for the defendant then should file a response, limited to a discussion of whether there is any "basis to contest the validity of the waiver." *Id.* at 319. If counsel believes there is no such basis, then counsel should file an *Anders* brief

> that addresses only the limited issues of: (1) whether defendant's plea and waiver of appellate rights were knowing, voluntary, and competent; or (2) whether it would be against the defendant's interest to contest his plea; and (3) any issues implicating a defendant's constitutional or statutory rights that either cannot be waived, or cannot be considered waived by the defendant in light of the particular circumstances.

*Id.* at 319 (citations omitted).

This Court has long recognized that "in no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a rem-

8

edy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993); *see also United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) ("Waivers of the right to appeal a sentence are presumptively enforceable."); *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998) (per curiam) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."). A waiver is generally enforceable against the defendant as long as the record clearly demonstrates that the defendant knowingly and voluntarily waived his right to appeal. *See United States v. Coston*, 737 F.3d 235, 237-38 (2d Cir. 2013) (per curiam) (enforcing appeal waiver in part because defendant "fully understood precisely what he was giving up in agreeing to waive his appellate rights"); *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) ("We have repeatedly upheld the validity of appeal waivers if they are knowingly, voluntarily, and competently provided by the defendant.") (internal quotation marks and modifications omitted); *United States v. Woltmann*, 610 F.3d 37, 40 (2d Cir. 2010) ("Ordinarily, appeal waivers are enforced—and for good reason.").

Exceptions to the enforceability of appellate waivers "occupy a very circumscribed area of our jurisprudence." *Gomez-Perez*, 215 F.3d at 319. "Mindful of the benefit of reduced litigation sought by the government, [this Court has held] that counsel submitting an *Anders* brief in these situations is restricted to the narrow subset of issues previously outlined." *Id.* at 320. In the event that appellate counsel, after a conscientious review of the record, determines that it is appropriate to file an *Anders* brief along the lines set forth in *Gomez-Perez*, the Court must afford the defendant "an opportunity to raise pro se any issues he feels merit discussion." *Gomez-Perez*, 215 F.3d at 320 (citing *Anders*, 386 U.S. at 744). This is done by counsel's inclusion of an affidavit certifying that counsel has notified the client "that an *Anders* brief has been filed, which will likely result in affirmance, and that the client thereafter has 14 days to respond with any issues he believes are meritorious." *Id.* at 321 n.2. If counsel files an *Anders* motion and the defendant "likewise fails to point to any non-frivolous issues pertaining to the plea agreement and appeal waiver, a Motions Panel will then review the record and determine whether it is appropriate to dismiss the appeal." *Id.*

### A. The Guilty Plea

The Government respectfully submits that Jones's guilty plea was knowingly and voluntarily entered and that it complied with each of the requirements of Fed. R. Crim. P. 11. Specifically, the guilty plea transcript establishes that the defendant was of sound mind at the time of the guilty plea, *see* AA74–AA75; that under Fed. R. Crim. P. 11(b)(2) the district court "address[ed] the defendant personally in open court and determine[d] that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)," *see* AA100–AA101; and that under Fed. R. Crim. P. 11(b)(3) there was a factual basis for the plea, *see* AA94–AA95, AA110–AA127. The record further establishes that the defendant was advised of each of the following as required under Fed. R. Crim. P. 11(b)(1), to the extent potentially applicable to this case:

(A) the Government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath, *see* AA58, AA70;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea, *see* AA58, AA85–AA87;

(C) the right to a jury trial, *see* AA58, AA87–AA88;

(D) the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding, *see* AA58, AA71;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, *see* AA58, AA70, AA87–AA88;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere, *see* AA58, AA87–AA88, AA91;

(G) the nature of each charge to which the defendant is pleading, *see* AA53–AA54, AA108–AA110;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release, *see* AA54–AA55, AA93–AA94, AA100, AA103–AA104;

(I) any mandatory minimum penalty, Not Applicable;

(J) any applicable forfeiture, Not Applicable;

(K) the court's authority to order restitution, *see* AA55, AA64–AA65, AA93, AA99–AA100, AA104;

(L) the court's obligation to impose a special assessment, *see* AA55, AA104;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), *see* AA56, AA81–AA82, AA93–AA94, AA104–AA107, AA113;

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence, *see* AA59, AA98–AA99, AA107–AA108; and

(O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future, *see* AA59–AA60, AA90.

In short, no non-frivolous basis exists to attack the defendant's guilty plea or the inclusion of his appellate waiver.

## B. The Sentencing

No non-frivolous basis exists to attack the defendant's sentence. The district court ensured under Fed. R. Crim. P. 32(i)(1)(A) that the defendant and his counsel had read and discussed the presentence report. *See* AA215–AA216. It also ensured under Fed. R. Crim. P. 32(i)(1)(C) and (i)(4)(A) that the defendant was permitted to address any objections to the presentence report and to address the court to speak or present any information to mitigate the sentence. *See* AA216, AA219. Indeed, the Court held a two-day evidentiary hearing during which both parties presented evidence, witnesses, and arguments. *See* AA219–AA510.

The district court calculated a final offense level of 43 by grouping the RICO conspiracy (which included trafficking narcotics and attempted

13

murders), adding points for the severity of injuries sustained, and then conducting a multi-count adjustment, and adding a two-level increase for obstruction of justice. AA215–AA218; see also Presentence Report ("PSR") ¶¶50–89. The district court calculated a criminal history category of V, resulting in a Sentencing Guidelines range of 360 to life, which was statutorily capped at 360 months. AA218, PSR ¶ 131.

The district court ultimately sentenced the defendant to 190 (100 months on Count One and 90 months on Count Two months), three years of supervised release, and a $200 special assessment, and all of these terms fell well within the ranges contemplated by the appeal waiver pro-vision of his plea agreement. AA515–AA518. Because the defendant ob-tained the benefit of his bargain, his appeal waiver should be enforced and the instant appeal should be dismissed as to the portions of the judg-ment covered by the appeal waiver, *i.e.*, the term of imprisonment, the term of supervised release, and the special assessment.

## III. This Court should summarily affirm the conditions of su-pervised release because there are no non-frivolous argu-ments to challenge those conditions.

The only portion of the defendant's sentence not covered by the ap-pellate waiver was the conditions of supervised release, but there are no

non-frivolous arguments to challenge those conditions. The court only imposed mandatory conditions, as required by 18 U.S.C. § 3583(d), or "standard conditions," as recommended by U.S.S.G. § 5D1.3(c), and a limited subset of "special conditions." *See* AA523–AA527. All of those conditions—including the special conditions—were outlined in the Presentence Report and the defendant confirmed that he had read the Presentence Report and had the opportunity to provide his input. AA215–AA216. He never objected to any of the supervised release conditions when they were proposed or after they were imposed. *See* PSR at 45, AA215–AA216, AA518. Accordingly, any challenge to those conditions would be for plain error.

Further, all of the conditions—whether mandatory, standard, or special—were tied to the defendant's history, characteristics, or offense conduct. Thus, even if this Court concluded that the court should not have imposed one of those conditions, any deficiency does not amount to plain error warranting reversal under Fed. R. Crim. P. 52(b).

## Conclusion

As discussed above, the defendant's notice of appeal was untimely, and this Court should dismiss his appeal for that reason.

15

Alternatively, the defendant knowingly and voluntarily entered a plea agreement that contained a valid and enforceable waiver of his appellate rights. Because the defendant received a sentence that triggered the appeal waiver, that waiver is enforceable with respect to the term of imprisonment, the term of supervised release, and the special assessment. The appeal should be dismissed with respect to those terms. With respect to the conditions of supervised release, this Court should summarily affirm because there are no non-frivolous challenges to those conditions.

In addition, defense counsel's papers represent that a copy of his motion was served on the defendant. Appellant Motion at 3; *United States v. Jones*, No. 22-1390, Dkt. No. 136. Jones was advised (by letter sent on June 29, 2023) of his right to file a *pro se* brief or response. *Id*. No additional briefing has been filed with the Court.

Moreover, the PSR and the guilty plea colloquy disclose that the defendant speaks and reads English, so that the written notice provided by counsel is adequate. S*ee Leyba*, 379 F.3d at 55–56; *Santiago*, 495 F.3d at 30. Accordingly, the Court should grant defense counsel's *Gomez-Perez*

motion to withdraw and the Government's cross-motion for dismissal, or alternatively for dismissal and summary affirmance.

Dated: July 17, 2023

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

JOCELYN COURTNEY KAOUTZANIS
ASSISTANT U.S. ATTORNEY
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700

17

STATE OF CONNECTICUT

ss: NEW HAVEN

COUNTY OF NEW HAVEN

## AFFIDAVIT

I, JOCELYN COURTNEY KAOUTZANIS, state as follows:

1. I am an Assistant United States Attorney for the District of Connecticut. I represent the United States in the captioned appeal, and I am admitted to practice before this Court.

2. I make this affidavit in support of defense counsel's motion under *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000) to withdraw from this representation and the Government's cross-motion for dismissal, or alternatively, for dismissal and summary affirmance.

3. The facts in the Government's memorandum attached to this motion are true and correct to the best of my knowledge and belief.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 17, 2023.

AFFIANT
*/s/Jocelyn Courtney Kaoutzanis*
JOCELYN COURTNEY KAOUTZANIS
ASSISTANT U.S. ATTORNEY

## Federal Rule of Appellate Procedure 26.1 Disclosure Statement

In this criminal case, there are no organizational victims.

*/s/Jocelyn Courtney Kaoutzanis*
JOCELYN COURTNEY KAOUTZANIS
ASSISTANT U.S. ATTORNEY

## Federal Rule of Appellate Procedure 32(g) Certification

This is to certify that the foregoing motion complies with the 5,200-word limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), in that the motion is calculated by the word processing program to contain approximately 3,341 words, excluding the affidavit, the Rule 26.1 Disclosure Statement, and this certification.

*/s/ Jocelyn Courtney Kaoutzanis*
JOCELYN COURTNEY KAOUTZANIS
ASSISTANT U.S. ATTORNEY

## CERTIFICATE OF SERVICE

This is to certify that on July 17, 2023, a copy of the foregoing motion and memorandum of law was filed electronically and served by first-class United States mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jocelyn Courtney Kaoutzanis*
JOCELYN COURTNEY KAOUTZANIS
ASSISTANT U.S. ATTORNEY